Robert C. McAllister and Veronica T. McAllister [1] v. Commissioner. McAllister v. Commissioner
Docket Nos. 1166-64, 1168-64, 1242-64.
United States Tax Court
T.C. Memo 1968-2; 1968 Tax Ct. Memo LEXIS 293; 27 T.C.M. (CCH) 7; T.C.M. (RIA) 68002; January 4, 1968, Filed *293 Monte C. Fligsten, for the petitioners. Stephen W. Simpson, for the respondent. FEATHERSTON
Memorandum Opinion FEATHERSTON, Judge: Respondent determined deficiencies in the income tax for 1959 of the petitioners as follows: Robert C. and Veronica T. McAllister
$ 805.57
Phil and Ruth Mayer
1,046.62
Richard and Gail de la Sota
735.87 The sole issue in controversy is the correct amount of gross income which should be taken into account by an insurance agency operated by the petitioners as partners for the period between July 16, 1959 and September 30, 1959, and the amount of gross income which should be allocated to each of the partners. All of the facts have been stipulated and are so found. The stipulation and exhibits thereto are incorporated herein by reference and, insofar as pertinent, are summarized below. Petitioners, Robert C. McAllister and Veronica T. McAllister, were husband and wife during 1959, residing in Los Angeles County, California. They filed their individual joint income tax return for the calendar year 1959 with the district director of internal revenue at Los Angeles, California. Subsequent to 1959, petitioners Robert *294 C. McAllister and Veronica T. McAllister were divorced. Petitioner Robert C. McAllister resides presently in Los Angeles, California and petitioner Veronica T. McAllister resides presently in Glendale, California. At the time of filing of the petition herein, both Robert C. and Veronica T. McAllister were residing in Los Angeles County, California. Petitioners, Phil Mayer and Ruth Mayer, are husband and wife, residing in Los Angeles, California in 1959. They filed their individual joint income tax return for the calendar year 1959 with the district director of internal revenue at Los Angeles, California. At the time of filing of the petition herein, they resided in Los Angeles County, California. Petitioners, Richard de la Sota and Gail de la Sota, are husband and wife, residing in Los Angeles, California in 1959. They filed their individual joint income tax return for the calendar year 1959 with the district director of internal revenue at Los Angeles, California. At the time of filing of the petition herein, they resided in Los Angeles County, California. On or about July 16, 1959, a general insurance agency (hereinafter referred to as the "agency") was organized by Robert *295 C. McAllister, Richard de la Sota and Phil Mayer (hereinafter referred to as "petitioners") under the firm name of McAllister, de la Sota and Mayer. It was the intention and desire of the petitioners from the onset to operate their agency as a corporation; however, because of the time required to obtain a corporate charter and to issue the capital stock, it was necessary to conduct the business as a partnership for a brief period, until September 30, 1959. Each of the petitioners had a one-third 8 interest in the partnership during this preincorporation period. On October 1, 1959, all the assets and liabilities of the partnership were transferred in a non-taxable exchange to the corporation at book value, and the shares of capital stock were issued equally to the petitioners. The agency had commission income from various underwriting insurance companies in connection with fire, casualty and liability insurance policies. In addition to preparing policies and billing the customers, the agency was required to service both the insured and the company throughout the term of the policy. This included, among other things, handling settlements of loss claims, analysis of the insurance *296 needs of customers, technical assistance to customers aimed at reducing or eliminating losses, devising insurance programs to cover potential losses by customers and the like. To qualify for commissions, the agency was required first to collect the premium from the insured, and from the premium so collected to forward the insurance company's portion after deducting the agency commission applicable to the particular policy. When a premium refund was made by the insurance company because of cancellation of the policy before the end of the policy term, the agency was required to refund to the company a pro rata portion of the agency commission previously retained. A typical agreement between the agency and an insurance company contained the following provision: It is a condition of this Agreement that the Agent shall refund ratably to the Company, on business heretofore or hereafter written, commissions on cancelled liability and on reduction in premiums at the same rate at which such commissions were originally retained. The agency, as a matter of practice, was required to conduct its financial affairs in such manner that if all the companies decided at any one time to exercise *297 their right to cancel, the agency could make available enough money to satisfy the refunds required. The agency kept its books and records on the accrual basis and the succeeding corporation continued to keep its books and records in the same manner. During the period July 16, 1959 through September 30, 1959, total commissions on business written were $11,418.36. Of this amount, $11,412.36 was credited to an "Unearned Commissions" account and $6.00 to an "Earned Commissions" account. [2] Of the $11,412.36 credited to the "Unearned Commissions" account, $1,357.78 had been received through payments of premiums by customers of the agency on or before September 30, 1959. Of this latter amount, $849.75 (plus the $6.00 credited directly to the "Earned Commissions" account, bringing the total to $855.75) was reported by the petitioners as taxable income for 1959. *298 The September 30, 1959 balance of the "Unearned Commissions" account of $10,562.61 (i.e., $11,412.36 in commissions on business written minus the $849.75 from this account reported as taxable income) was determined by the respondent to be distributable income of the agency-partnership which was not, but should have been, reported by the petitioners. Due to the particular terms of the agency agreements with the insurance companies, respondent has now conceded that amounts representing commissions on premiums which had been billed, but not collected by the partnership as of September 30, 1959, did not accrue to the partnership. The total amount so conceded by the respondent is $10,060.58. There remains in dispute only the sum of $502.03, consisting of commissions received by the partnership on policies which it had placed with various insurance companies and which were in force on September 30, 1959. The problem is whether the rights of the companies and the insured to cancel these policies and thereby require refunds of the collected premiums prevented their accrual as income in the year 1959. Respondent argues that accrual as income occurred prior to September 30, 1959, because *299 all events had occurred which fixed the partnership's right to receive the commissions and the commissions were, in fact, received without limitation as to their specific use or disposition. Petitioners contend that accrual did not occur prior to September 30, 1959 because the collected commissions had not been fully earned and there existed the potential liability to refund them upon cancellation of the policies at 9 any time within the sole discretion of the companies. Respondent relies upon , and , in support of its determination that the amount in controversy was taxable income to the partners. We believe these cases to be factually distinguishable. Nevertheless, we are compelled to find for the respondent by reason of the holding in , reaffirmed in Schlude, that in the absence of a specific statutory exception it is not open to an accrual basis taxpayer to "defer" income derived from the performance of services to a later period when anticipated expenses, including refunds, *300 may offset income. See . To reflect the concessions made by respondent, Decisions will be entered under Rule 50. Footnotes
1. Cases of the following petitioners are consolidated herewith: Phil Mayer and Ruth Mayer, Docket No. 1168-64, and Richard de la Sota and Gail de la Sota, Docket No. 1242-64.↩
2. The "Earned Commissions" account reflected commissions received and not refundable. The "Unearned Commissions" account reflected commissions billed, whether or not collected; if the commissions had been collected, the companies were entitled to refunds thereof upon their demand if they exercised their right to discontinue the policies.↩